362

## UNITED STATES v. CHARLES L. DONOHOE CO.

District Court, N. D. California, N. D. May 23, 1929.

No. 266.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Joseph E. Bien and Werner Olds, both of San Francisco, Cal., for defendant.

BOURQUIN, District Judge. This suit is to declare and foreclose a lien for construction expenses on lands within a federal reclamation adventure, the Orland project in California.

The statutes involved are amongst the first of the government's paternal joy-riding, which, contrary to the genius of national institutions, threaten to submerge individualism in a welter of state socialism. They are the perennial joy of the tyro, amateur, and incompetent, the job hunter seeking safe refuge in the intensifying struggle for existence, the parent of extravagance and waste of public money, and of monumental failure.

The Act of June 17, 1902 (32 Stat. 388), provides for governmental reclamation of public and private lands, at cost to be assessed after estimated and contracts let by the Secretary of the Interior.

The Act of Aug. 9, 1912 (37 Stat. 266 [43 USCA § 542]), provides that water right certificates shall reserve a prior lien on the land for which purchased, for all sums due or to become due. In 1914, error, extravagance, waste, and failure were already so manifest that Act Aug. 13, 1914 (38 Stat. 686 [43 USCA § 469]), provides that construction charges so estimated and assessed shall not be increased, as they often were far beyond the value of the land and to the utter ruin of the owner, save after notice and by agreement between the Secretary and a majority of the "water right applicants and entrymen" affected.

The Orland project was inaugurated to reclaim only private lands, and the Secretary's engineers estimated construction would cost $44 per acre. Thereafter and in 1917, Jessie Donohoe purchased a water right for the land involved. In 1918 the government engineers discovered construction costs would require $11 more per acre, and a majority of the water right applicants, including Donohoe, agreed with the Secretary that the costs would be increased accordingly.

In 1926 said engineers as usual made another discovery, viz., that construction would require $68 more per acre, and a majority of the deluded water applicants, not including defendant then successor to Jessie Donohoe, in desperation to save their investment, again duly agreed thereto.

The sole issue is whether this latter increase is a lien upon the land. That it is seems clear. Although Donohoe's contract declares that she and her assigns will pay "the construction charge fixed * * * at $44.00 per acre * * * made a lien upon the land," it also provides it is made pursuant to the statutes aforesaid.

These are the terms of the contract, and provide for increases of construction charges, which increases are added to and become a part of the construction charges with all the legal effect of the latter from the beginning. Statutes and contract contemplating construction charges, both fixed and possible increases, contemplate that the lien they create for the charges shall extend to the whole. In this, they are like to a mortgage in part for future advances.

Stone v. Harris, 146 Cal. 555, 80 P. 711, by defendant cited, is quite a different case. That involves a mere private contract, and the court held that after contract performed, the lien it expressly created was not by implication extended to include expenditures in performance of another related but not incidental agreement. That is not this case. Here, the increased expenditures were contemplated by and necessary to the performance and object of the original contract.

Decree for plaintiff.